***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Glenn.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times herein, an employer-employee relationship existed between the defendant-employers and plaintiff.
3. Harleysville Insurance Company was the workers' compensation carrier on the risk at all relevant times herein for Sturzenbecker Construction.
4. The Hartford Insurance Company was the workers' compensation carrier on the risk at all relevant times herein for Cyrco, Inc.
6. Fireman's Fund was the workers' compensation carrier on the risk at all relevant times herein for Lilja Corporation.
7. Plaintiff's average weekly wages will be determined from the facts of this claim.
5. The issues to be determined from this hearing are as follows:
(a) Whether plaintiff has developed the occupational disease of asbestosis as a result of his employment with the defendant-employers named in this matter;
(b) If so, which employer was plaintiff last injuriously exposed to asbestos; and,
(c) If so, what, if any, benefits is plaintiff entitled to receive under the North Carolina Workers' Compensation Act.
6. The Pre-Trial Agreement along with its attachments and any stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 63 years of age on the date of the hearing before the Deputy Commissioner, his date of birth being July 2, 1939. Plaintiff worked most of his life as a carpenter and millwright for a number of employers.
2. Plaintiff was employed by Sturzenbecker Construction from 1987 to 1988 and from 1989 to 1990 as a carpenter. Plaintiff's job with Sturzenbecker Construction required him to remove ceiling tiles, floor tiles, and scrape fireproofing from I — beams, along with carpentry work. When removing the floor tiles, plaintiff would sometimes have to pry the tiles from the floor with scraping tools that caused the tiles to break into small pieces. Plaintiff was of the opinion that the ceiling tiles, floor tiles, and fireproofing contained asbestos.
3. John Sturzenbecker of Sturzenbecker Construction stated that his company did not perform work where hazardous materials such as asbestos were present.
4. Even if plaintiff was exposed to asbestos while in the employ of Sturzenbecker Construction, he has not provided any evidence that it was for a 30-day period over the statutorily required period of time. At best, plaintiff may have been exposed to some asbestos when he had to remove the ceiling tiles, floor tiles or fireproofing; however, his testimony indicated neither the period nor duration of time in which he may have been exposed.
5. Plaintiff was employed by Lilja Corporation from December 27, 1993, to February 5, 1994, as a millwright. This position required plaintiff to assist in the tear down and rebuilding of a glass furnace. Plaintiff testified that he discovered there might have been some asbestos on this site.
6. Plaintiff worked for Cyrco, Inc., from January through March 1998. This position required plaintiff to either repair or replace cooling towers. Plaintiff recalls that on one job he may have come in contact with materials that contained asbestos when he had to remove some filter-like material from a cooler; however, such event occurred for only one day. Other than that one-day incident, plaintiff did not indicate that he had been exposed to any material that may have contained any asbestos.
7. Prior to plaintiff's employment with the defendant-employers to this claim, he worked for other employers with whom he believes he was exposed to asbestos-containing materials.
8. Plaintiff has not produced evidence that he was exposed to asbestos while employed by any of the defendant-employers for a 30-day period, even though plaintiff worked for one of the employers for more than a year. The evidence offered tends to show that plaintiff may have been exposed periodically to materials that may or may not have contained asbestos; however, there were insufficient evidence to prove that he was exposed for 30 days over a seven-month period.
9. Plaintiff smoked between 2 to 3 packs of cigarettes per day for over 40 years. As a result of his smoking, plaintiff developed emphysema and chronic obstructive pulmonary disease, which caused him to be disabled from performing work as a carpenter.
10. Plaintiff has been diagnosed with asbestos-related pleural disease and asbestosis but has made no showing that either is disabling.
11. Plaintiff has been found to have a Class III impairment rating, but this is mostly related to his smoking and not the asbestosis.
12. Plaintiff was diagnosed with asbestos-related pleural disease in 1998. He was diagnosed with asbestosis in 2002, when his condition worsened.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he was exposed to the hazards of asbestos dust while employed by any of the named defendant-employers in this matter for as much as 30 days or parts thereof, within seven consecutive months, which exposure proximately augmented his asbestosis and asbestos-related pleural disease. N.C. Gen. Stat. § 97-57.
2. Plaintiff has failed to prove by the greater weight of the evidence that he is entitled to recover any workers' compensation benefits in this matter. N.C. Gen. Stat. §§ 97-(2)(9) and 97-54.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits must under the law be, and is hereby, denied.
2. Each side shall pay their respective costs.
This 5th day of April 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER